UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DWAYNE DELESTON,  Civil No. 12-1682 (RHK/SER)

Petitioner,

v.  **REPORT AND RECOMMENDATION**

SCOTT P. FISHER,

Respondent.

Petitioner, a federal prisoner, filed an application for habeas corpus relief under 28 U.S.C. § 2241, and an application seeking leave to proceed *in forma pauperis*, ("IFP"). (Docket Nos. 1 and 2.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the case be summarily dismissed without prejudice.

On July 12, 2012, Petitioner filed a habeas corpus petition that presented claims pertaining to his federal incarceration. It was readily apparent to the Court, however, that Petitioner was not actually challenging the fact or duration of his confinement, but rather, he was challenging only the **conditions** of his confinement. Because habeas corpus is not an appropriate remedy for a prisoner's "conditions of confinement" claims, the original petition was summarily dismissed (without prejudice) pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. (*See* Order dated July 26, 2012; [Docket No. 5].)

Petitioner was granted leave to file an amended pleading, to be prepared and submitted as a non-habeas civil rights complaint. He was also directed to pay the filing fee for a non-habeas civil action, or else file an amended IFP application, and pay the initial partial filing fee required

1

by 28 U.S.C. § 1915(b)(1). The Court's prior order expressly advised Petitioner that if he did not file an amended pleading, and pay his filing fee, (or satisfy the requirements for proceeding IFP), by August 31, 2012, he would be deemed to have abandoned this action, and it would be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

The deadline for complying with the Court's prior order in this matter has now expired, Petitioner has not filed a civil complaint, nor has he taken any action to resolve the filing fee requirement. Further, Petitioner has not offered any excuse for his failure to comply with the prior order; in fact, he has not communicated with the Court at all since he commenced this action approximately two months ago. It is now recommended, in accordance with the Court's prior order, that Petitioner be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). *See Henderson v. Renaissance Grand Hotel*, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (recognizing federal court's inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"). Having determined that this action should be summarily dismissed pursuant to Fed. R. Civ. P. 41(b), the Court will further recommend that Plaintiff's pending IFP application, (Docket No. 2), be denied.

**RECOMMENDATION**

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: September 24, 2012

*s/Steven E. Rau*
Steven E. Rau
U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 8, 2012** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.